UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **KRISTI VONDEYLEN**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**BROADLEAF MARKETING & SEO, LLC d/b/a PRIME DIRECTORY SERVICES**,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the marketing practices of Defendant that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Defendant makes prerecorded telemarketing calls soliciting its marketing and search engine optimization products and services.

3. Defendant makes these calls to individuals that did not provide their prior express consent.

4. Accordingly, Ms. VonDeylen brings this action on behalf of herself and a class of similarly situated individuals.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6. This Court has jurisdiction over Defendant because its actions giving rise to the claims were targeted at this District.

7. Specifically, Defendant targeted Ms. VonDeylen, a resident of Minnesota, who uses a cellular telephone number with a (612) area code, which is a known area code serving Minneapolis and a few surrounding municipalities. Defendant also utilized "spoofing" to call Ms. VonDeylen and used a (612) area code when initially contacting Ms. VonDeylen to increase the likelihood she would answer the phone because the initial call appeared from a local number.

8. Venue is proper in this District because some of the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

**PARTIES**

9. Plaintiff Kristi VonDeylen ("Ms. VonDeylen" or "Plaintiff") is, and at all times mentioned herein was, a citizen and resident of Oak Grove, Minnesota.

10. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the state of Florida with a principal address of 2110 N. Florida Mango Road, West Palm Beach, Florida 33409. Defendant does business as Prime Directory Services.

12. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## TCPA BACKGROUND

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

*Prohibition of Prerecorded or Artificial Voice Calls*

14. Section 227(b) of the TCPA prohibits making ***any*** call (other than a call made for emergency purposes) to a cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A).

15. A violation of section 227(b) carries statutory damages of $500 to $1,500 per call. *See* 47 U.S.C. § 227(b)(3)(B) and (C).

## FACTUAL ALLEGATIONS

16. Ms. VonDeylen is the user of a cellular telephone number ending in 3072.

17. Ms. VonDeylen registered her telephone number ending in 3072 on the National Do-Not-Call Registry in February 2006 because she did not want the types of calls that Defendant placed to her.

18. On April 2, 2024 at approximately 1:57pm, Ms. VonDeylen received a call from telephone number (612) 294-2979.

19. The caller attempted to solicit Ms. VonDeylen with marketing services.

20. Ms. VonDeylen engaged with the caller in an attempt to determine the true identity of the caller.

21. Ms. VonDeylen spoke with Richard Keeton who attempted to solicit her with marketing services.

22. During the call, Mr. Keeton emailed Ms. VonDeylen a service agreement & invoice from Prime Directory Services.

23. Ms. VonDeylen responded to the email, advised she was not interested, and requested to be removed from Defendant's contact list.

24. Shortly after sending that response email, Mr. Keeton called Ms. VonDeylen from telephone number (252) 370-5745 at 4:34pm and 4:36pm.

25. Ms. VonDeylen did not answer Mr. Keeton's calls.

26. On April 11, 2024, Defendant called Ms. VonDeylen from telephone number (769) 261-2676 and left the following prerecorded message:

> . . . might be struggling to find you online. Every moment counts. Please call us back urgently at (904) 782-8430 so we can swiftly check your listing status. Don't risk losing out on valuable business Again, that's (904) 782-8430. Thank You!

27. Ms. VonDeylen knew this was a prerecorded message because of the cadence, tone and how it was cut off on her voicemail.

28. Ms. VonDeylen called telephone number (769) 261-2676 back to identify the caller.

29. During the call, a representative identified the company as Prime Directory Services.

4

30. Ms. VonDeylen also called telephone number (904) 782-8430 to identify the caller.

31. During that call, a representative identified the company as Prime Directory Services.

32. Ms. VonDeylen did not provide her consent to receive these calls from Defendant.

33. Defendant's violations were negligent.

34. Alternatively, Defendant's violations were willful and knowing.

35. Ms. VonDeylen and the class was damaged by the violations alleged herein. Their privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the unwanted calls. The calls were annoying and a nuisance, and wasted the time of Ms. VonDeylen and the class members. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

## DEFENDANT'S LIABILITY

36. Defendant uses automated systems to make telephone calls to hundreds if not thousands of consumers across the U.S.

37. Certain of these calls utilized an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b).

38. For violations of 47 U.S.C. § 227(b), Ms. VonDeylen is entitled to a minimum of $500 per call. *See* 47 U.S.C. § 227(b)(3)(B).

39. Ms. VonDeylen is entitled to $1,500 per call if Defendant's actions are found to be knowing or willful. See 47 U.S.C. § 227(b)(3)(C).

## CLASS ACTION ALLEGATIONS

40. Ms. VonDeylen brings this action under Fed. R. Civ. P. 23 on behalf of the following "Class," defined as follows:

> Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called using an artificial or prerecorded voice message for the same purpose Plaintiff was called.

41. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

42. The Members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

43. The exact number and identities of the persons who fit within the Class are ascertainable in that Defendant and/or third parties maintain written and electronically stored data showing:

   a. The time period(s) during which Defendant made its calls;

   b. The telephone numbers to which Defendant called;

   c. The telephone numbers for which Defendant had prior express written consent;

   d. The purposes of such calls; and

      e.   The names and addresses of Class members.

44. The Class is comprised of hundreds, if not thousands, of individuals.

45. There are common questions of law and fact affecting the rights of the Members of the Class, including, *inter alia*, the following:

    a.   Whether Defendant (or someone acting on its behalf) makes telemarketing calls;

    b.   Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

    c.   Whether Defendant's statutory violations were willful and knowing; and

    d.   Whether Defendant should be enjoined from engaging in such conduct in the future.

46. Plaintiff is a member of the Class in that Defendant made at least one prerecorded call for telemarketing purposes, in a one-year period to her telephone number, without her prior express written consent.

47. Plaintiff's claims are typical of the claims of the Members of the Class in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

48. Plaintiff and all putative Members of the Class have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Class spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

49. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

50. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent her and the Class.

51. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

52. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

53. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

54. Common questions will predominate, and there will be no unusual manageability issues.

## CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. §227(b)
### (On behalf of Plaintiff and the Prerecorded Class)

55. Ms. VonDeylen and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

56. Defendant placed, or had placed on its behalf, prerecorded telephone calls to Ms. VonDeylen's and Class Members' cellular telephone numbers without prior express consent.

57. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b).

58. Defendant has therefore violated 47 U.S.C. § 227(b).

59.     As a result of Defendant's unlawful conduct, Ms. VonDeylen and the Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

60.     Ms. VonDeylen and the Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 277(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     An order certifying the Class as defined above, appointing Plaintiff as the representatives of the Class and appointing her counsel as Class Counsel;

B.     An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

C.     An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D.     An award of statutory damages;

E.     An award of treble damages;

F.     An award of reasonable attorneys' fees and costs; and

G.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: May 3, 2024

Respectfully submitted,

s/ Shawn J. Wanta
Shawn J. Wanta, #0389164
Scott A. Moriarity, #0321977
WANTA THOME PLC
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 252-3570
Fax: (612) 252-3571
sjwanta@wantathome.com
samoriarity@wantathome.com


Max S. Morgan, Esq.*
The Weitz Firm, LLC
1515 Market
Suite 1100
Philadelphia, PA 19102
max.morgan@theweitzfirm.com

*Application for admission pro hac vice forthcoming*

**Attorneys for Plaintiff and the putative class**